**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Brian Hartvigsen, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Northstar Location Services, LLC; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiff, Brian Hartvigsen, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      Plaintiff, Brian Hartvigsen ("Plaintiff"), is an adult individual residing in Louisville, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, Northstar Location Services, LLC ("Northstar"), is a New York business entity with an address of 4285 Genesee Street , Cheektowaga, New York 14225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      Does 1-10 (the "Collectors") are individual collectors employed by Northstar and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.       Northstar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.       Plaintiff allegedly incurred a financial obligation (the "Debt") to Navient Solutions, Inc. f/k/a Sallie Mae (the "Creditor").

8.       The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.       The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

10.       Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Northstar Engages in Harassment and Abusive Tactics

11.       On January 8 and 13, 2015, Northstar called Plaintiff's in-laws in an attempt to collect the Debt.

12.       On both occasions, "Mary Ann Kraft" left a voicemail message stating that the call was an attempt to collect the Debt from Plaintiff.

13.       Plaintiff has never lived at his in-law's address and does not use their phone number.

14.       The disclosure of the existence of the Debt to Plaintiff's in-laws caused him significant stress and embarrassment.

### C.  Plaintiff Suffered Actual Damages

15.       Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants disclosed the existence of the Debt to Plaintiff's in-laws.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Punitive damages; and

5.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 15, 2015

Respectfully submitted,

By _____

Sergei Lemberg, Esq. (SL-6331)
LEMBERG LAW, LLC
1100 Summer Street, 3d Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff